ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 21 2010
CLERK U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:09-CR-122-Y |
| | § | |
| JUAN CARLOS GAONA-RODRIGUEZ (3) | § | |
| | § | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Juan Carlos Gaona-Rodriguez, the defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Gaona-Rodriguez understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Gaona-Rodriguez waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), that is, possession with the intent to distribute a controlled substance. Gaona-Rodriguez understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period of not less than five (5) years nor more than forty (40) years;

   b. a fine not to exceed $ 2,000.000, or both fine and imprisonment;

   c. a mandatory term of supervised release of not less than 4 years, if the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer. If the conditions of supervised release are revoked on multiple counts, the Court could order that the resulting terms of incarceration run consecutively to one another;

   d. mandatory special assessment of $ 100.00;

   e. costs of incarceration and supervision; and

   f. forfeiture of money and property.

4. **Court's sentencing discretion and role of the Guidelines:** Gaona-Rodriguez understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Gaona-Rodriguez has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Gaona-Rodriguez will not be allowed to withdraw his plea if his sentence is higher than expected. Gaona-Rodriguez fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory Special Assessment:** Prior to sentencing, Gaona-Rodriguez agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Gaona-Rodriguez shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Gaona-Rodriguez shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Gaona-Rodriguez based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment/information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Gaona-Rodriguez or any property.

8. **Violation of agreement**: Gaona-Rodriguez understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Gaona-Rodriguez for all offenses of which it has knowledge. In such event, Gaona-Rodriguez waives any objections based upon delay in prosecution. If the plea is vacated

or withdrawn for any reason other than a finding that it was involuntary, Gaona-Rodriguez also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Gaona-Rodriguez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Gaona-Rodriguez, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

11. **FORFEITURE**: Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest in any property which is subject to forfeiture pursuant to 21 U.S.C. § 853: any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

12. **Representation of counsel**: Gaona-Rodriguez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Gaona-Rodriguez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by the agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Gaona-Rodriguez has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 21 day of January, 2010.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
Juan Carlos Gaona-Rodriguez
Defendant

_____
JOSHUA T. BURGESS
Assistant United States Attorney
State Bar of Texas No. 24001809
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX 76102-6897
Telephone: 817.252.5200
Facsimile: 817.978.3094

_____
JOHN READ
Attorney for Defendant

_____
MARK L. NICHOLS
Deputy Criminal Chief

Plea Agreement - Page 5

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and Voluntarily agree to it.

_Juan C. Gaona_         _1/21/10_
Juan Carlos Gaona-Rodriguez     Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and Voluntary one.

_John Read_        _1/21/10_
JOHN READ     Date
Attorney for Defendant

Plea Agreement - Page 6